UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RON DWAYNE DAVIS, | ) | |
| Petitioner, | ) | CV-N-03-0621-ECR(RAM) |
| vs. | ) | |
| | ) | **ORDER** |
| CRAIG FARWELL, *et al.*, | ) | |
| Respondents. | ) | |
| | ) / | |

Introduction

This habeas corpus action is before the Court on a motion to dismiss filed by the respondents. The Court finds that this action is barred by the applicable one-year statute of limitations, and therefore grants the motion to dismiss and dismisses this action.

Procedural Background

On July 27, 1995, petitioner pled guilty, in Nevada's First Judicial District Court, to murder with a deadly weapon and first degree kidnapping. *See* Exhibits 17 and 18.[1] The guilty pleas related to a killing that occurred in November 1994. *See* Exhibit 5 (transcript of preliminary hearing). In return for petitioner's guilty plea, the prosecution abandoned certain other charges against petitioner, and agreed not to seek the death penalty. *See* Exhibits 17 and 18.

---

[1] The exhibits referred to in this order were filed by petitioner and are located in the record at docket #19, #20, and #21.

1    Petitioner's sentencing took place over the course of five days, between August 29
2  and September 5, 1995.  *See* Exhibits 19-23.  Petitioner was sentenced to life in prison with the
3  possibility of parole after five years, for the kidnapping, and two consecutive sentences of life in
4  prison with the possibility of parole after ten years, for the murder, the sentences for the murder and
5  kidnapping to run consecutively.  Exhibit 24.  The judgment of conviction was entered on
6  September 6, 1995.  *Id*.
7    On July 1, 1996, petitioner, acting *pro se*, filed a Notice of Appeal.  Exhibit 29.
8  That appeal was dismissed as untimely on September 23, 1996.  Exhibit 42.  The dismissal was
9  "without prejudice to [petitioner's] right to raise his claims in a petition for a writ of habeas corpus."
10 *Id*. at 2 (footnote omitted).   The remittitur issued on October 16, 1996.  Exhibit 43.
11   Petitioner then filed, in this Court, a federal petition for a writ of habeas corpus, on
12 December 6, 1996.  That action was designated CV-N-96-0763-ECR(RAM).  This Court dismissed
13 the petition on January 7, 1997, because none of the habeas claims presented by petitioner were
14 exhausted in state court.  *See* docket #4 and #6 in CV-N-96-0763-ECR(RAM); *see also* First
15 Amended Petition (docket #17), p. 4.
16   On January 21, 1997, petitioner filed a *pro se* petition for a writ of habeas corpus in
17 the state district court.  Exhibit 44.  Petitioner claims that he mailed that petition to the state court
18 on January 14, 1997.  *See* Opposition to Motion to Dismiss, pp. 6-7.  The district court denied that
19 petition without prejudice, on January 23, 1997, because it was not verified by petitioner.
20 Exhibit 45.  Petitioner appealed.  Exhibit 48.  The Nevada Supreme Court dismissed the appeal on
21 April 21, 1997.  Exhibit 53. The remittitur issued on May 14, 1997.  Exhibit 54.
22   In February 1997, petitioner initiated a second federal petition for a writ of habeas
23 corpus.  That action was designated CV-N-97-0108-HDM(PHA).  On June 2, 1997, this Court
24 dismissed that petition -- like his first federal petition -- because none of petitioner's claims had been
25 exhausted in state court.  *See* docket #4 and #6 in CV-N-97-0108-HDM(PHA); *see also* First
26 Amended Petition (docket #17), p. 5.

Petitioner then did nothing further for approximately the next five years.  On July 8, 2002, petitioner, acting *pro se*, filed, in the state district court, an amended petition for a writ of habeas corpus.  Exhibit 57.  On November 25, 2002, the district court dismissed the petition as untimely.  Exhibit 63.  Petitioner appealed.  Exhibits 65 and 68.  The Nevada Supreme Court affirmed on October 21, 2003.  Exhibit 71.  The remittitur issued on November 19, 2003.  Exhibit 73.

Petitioner claims that he mailed his third *pro se* federal habeas petition to this Court, initiating this action, on November 13, 2003.  *See* First Amended Petition (docket #17), p. 6.  That petition was filed on November 19, 2003, and counsel was appointed to represent petitioner (docket #3, #4, and #7).  On October 21, 2004, petitioner filed a First Amended Petition (docket #17).

On April 18, 2005, respondents filed a Motion to Dismiss and Answer (docket #32/33).  As grounds for the motion to dismiss, respondents assert that petitioner's action was initiated outside the applicable one-year limitations period, and that the one claim stated in the amended petition is procedurally barred.  Petitioner filed an opposition to the motion to dismiss on July 6, 2005 (docket #38).  Respondents replied on July 27, 2005 (docket #40).  The motion to dismiss is before the Court.

Legal Standards Governing Statute of Limitations

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect.  Pub.L. No. 104-132, 110 Stat. 1214-1226 (1996).  The AEDPA made various amendments to the statutes controlling federal habeas corpus practice.  One of the amendments imposed a one-year statute of limitations on the filing of federal habeas corpus petitions.  With respect to the statute of limitations, the habeas corpus statute provides:

3

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).

For convictions that became final prior to the enactment of the AEDPA, a petitioner had until April 24, 1997, to file a federal habeas corpus petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

The AEDPA limitations period is tolled while a "properly filed application" for post conviction or other collateral relief is pending before a state court. 28 U.S.C. § 2244(d)(2). A "properly filed application" is one in which the "delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Dictado v. Ducharme,* 244 F.3d 724, 726-27 (9th Cir. 2001), *quoting Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 364 (2000). An untimely filed state-court habeas petition is not considered "properly filed," and therefore does not toll the federal statute of limitations pursuant to § 2244(d)(2). *Pace v. DiGuglielmo*, ___ U.S. ___, ___, 125 S.Ct. 1807, 1814 (2005).

4

The AEDPA limitations period is also subject to equitable tolling. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998). Equitable tolling is available only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288.

Analysis

Petitioner's conviction was entered on September 6, 1995. Exhibit 24. Petitioner did not initiate an appeal within 30 days as required by Nevada Rule of Appellate Procedure 4(b). Therefore, petitioner's conviction became final on October 6, 1995, when the time for him to appeal expired.

Because petitioner's conviction became final before the effective date of the AEDPA, the one-year statute of limitations applicable to petitioner's federal habeas petition began to run on April 24, 1996. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner argues that he was denied his constitutional right to a direct appeal, and, therefore, the statute of limitations at 28 U.S.C. § 2254(d)(1) does not apply. *See* Opposition to Motion to Dismiss (docket #38), pp. 2-4. However, petitioner does not cite any convincing authority for that proposition, and the Court knows of none. The one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1) began to run on April 24, 1996.

Petitioner did not initiate this action until November 13, 2003, more than seven years later.

For purposes of this analysis, giving petitioner the benefit of any conceivable doubt, the Court assumes that petitioner is entitled to statutory tolling during the pendency of each of the following proceedings:

| | | |
|---|---|---|
| 1 | direct appeal, | July 1, 1996 - October 16, 1996; |
| 2 | first federal habeas petition, | December 6, 1996 - January 7, 1997; |
| 3 | first state habeas petition, | January 14, 1997 - May 14, 1997; |
| 4 | second federal habeas petition, | February 1, 1997 - June 2, 1997; |
| 5 | second state habeas petition, | July 8, 2002 - November 19, 2003. |

This amounts to less than 3 years of tolling, however.  So, even if the Court assumes that petitioner is entitled to the most generous statutory tolling imaginable under the circumstances, there is still 4 years of delay unaccounted for -- 3 years more than the statute of limitations allows.

Therefore, petitioner's federal petition could only be considered timely if he is entitled to equitable tolling.

Petitioner asserts that he is entitled to equitable tolling because he is "mentally impaired," and because he "was not informed of his appellate rights." *See* Opposition to Motion to Dismiss, pp. 9-12.  With regard to his alleged mental impairment, petitioner argues as follows:

> Mr. Davis is entitled to equitable tolling because he has an IQ of 84, a few points above borderline retardation. (Ex. 21 at 37-38.)  The state's expert witness, neuropsychologist Theodore William Young testified to this result during Mr. Davis's sentencing, adding that borderline mental retardation is typically viewed at an IQ of 79. (Id.)  Further, he testified that Mr. Davis suffered from subnormal intelligence, a learning disability and an impoverished academic background. (Id. at 50-51.)  As a result, he has great difficulty in comprehending even the most fundamental of statutory or procedural law and was unable to file his post-conviction legal proceedings any earlier than he did.

Opposition to Motion to Dismiss, p. 10; *see also id*. at 15-16.  With respect to his alleged lack of knowledge of his appellate rights, petitioner argues that neither his counsel nor the state trial court properly informed him of his right to appeal following his conviction.  *See* Opposition to Motion to Dismiss, pp. 10-12.

The Court finds petitioner's arguments for equitable tolling to be unavailing.  His claims regarding his alleged subnormal intelligence, learning disability, and "impoverished academic

background" are far too general to support equitable tolling. Petitioner does not explain how or why these factors caused petitioner to delay for so long in filing his federal habeas petition. Similarly, petitioner does not explain why his lack of information regarding his right to appeal caused such delay in his filing of a federal habeas petition. It is important to remember that the most extensive delay -- more than 5 years, from the summer of 1997 to the summer of 2002 -- occurred after petitioner pursued a direct appeal, after petitioner litigated his first state habeas petition, and filed two federal habeas petitions. Given petitioner's demonstrated ability to initiate and pursue legal actions, it remains completely unexplained why petitioner waited for more than 5 years to resume his litigation by filing a second state habeas petition. This 5 year break is not adequately explained, or excused, by petitioner's alleged "mental impairment" and his alleged lack of knowledge regarding his right to a direct appeal. Petitioner has made no showing that he is entitled to equitable tolling.

<u>Conclusion</u>

The Court finds, therefore, that this action is barred by the applicable one-year statute of limitations codified at 28 U.S.C. § 2244(d), and shall therefore be dismissed.

The Court need not reach the other arguments made by respondents in their Motion to Dismiss and Answer (docket #32/33).

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (docket #32) is **GRANTED**. This action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT ACCORDINGLY**.

Dated this 10th day of November, 2005.

*Edward C. Reed*
UNITED STATES DISTRICT JUDGE